## Adams Express Company v. National Bank of Middlesboro, et al.

(Decided January 28, 1915.)

### Appeal from Bell Circuit Court.

Appeal—Review—Questions of Fact, Verdict and Findings—Credibility of Witnesses.—It is the province of the jury to pass upon the credibility of witnesses; and a verdict on conflicting evidence will not be disturbed.

METCALF & JEFFRIES, K. S. ALCORN and J. S. GRAYDON for appellant.

T. G. ANDERSON and BENNETT H. YOUNG for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

The National Bank of Middlesboro and the Southern National Bank of Louisville instituted this action in the Bell Circuit Court against the Adams Express Company to recover the sum of seven hundred and eight dollars, alleged by them to have been missing from a package containing ten thousand dollars when shipped by the Middlesboro Bank to the Louisville Bank, and which, on delivery to the latter, was found to contain seven hundred and eight dollars less than that amount. There was a verdict and judgment for the plaintiffs and the defendant appeals.

The bookkeeper of the Middlesboro Bank testified that he first counted out the ten thousand dollars and arranged it in twenty packages, each containing five hundred dollars; that he then turned it over to the cashier of the bank, who recounted it in the presence of the bookkeeper and another employe of the bank; that the cashier then wrapped the money up into a package, tied a brown twine string around it and sealed it with the bank's seal; that it was then taken to the express office by the bookkeeper in a buggy, a distance of about three city blocks.

The cashier of the bank also testified to counting the money and wrapping it in a package and sealing it. He likewise says that there were ten thousand dollars in the sealed package.

Another employe of the bank, R. D. Judy, testified that he saw the cashier and bookkeeper counting the money bill by bill at the time they were making up the package for shipment.

It was further shown in evidence for the plaintiffs that the package was delivered to the Southern National Bank in Louisville, and that the teller who opened and counted it found therein only nine thousand two hundred and ninety-two dollars; that, upon discovering the shortage, he immediately summoned the cashier, and a recount was made with the same result. The teller testified that when he received the package the seals seemed to be in good shape, but there was no string around the package.

The defendant express company then showed by some fifteen or sixteen messengers who handled the package from Middlesboro to Louisville that it was carried by them in the same condition as when received by the ex-

press company and delivered to the Louisville Bank in that condition.

. 1. Appellant express company contends that the trial court erred in refusing to adjudge to it the burden of proof. But in this contention we are unable to concur.

In order that the plaintiffs might be entitled to recover it was necessary that they should prove that there was ten thousand dollars in the package when shipped and seven hundred and eight dollars less than that amount when delivered to the Louisville bank.

The defendant, in its answer, pleaded that either the forwarding bank made a mistake in counting the money as ten thousand dollars or that the receiving bank made a mistake in counting it as nine thousand two hundred and ninety-two dollars.

It was, therefore, incumbent upon the plaintiff to show by proof the amount of money in the package when shipped by the forwarding bank and the amount in it when delivered to the receiving bank.

When, therefore, the express company showed by its agents and messengers that they had transported and delivered the package safely, it was for the jury to say which set of witnesses it believed.

Both could not stand together; if the money was counted at both ends of the line by the banks correctly, then it must have disappeared while in the custody of the express company. On the other hand, if the express company carried and delivered the package safely, it must have been counted erroneously either at the forwarding bank or at the receiving bank.

The jury has found that the seven hundred and eight dollars disappeared from the package while in the custody of the express company; and it is not within our province to disturb their verdict.

2. The court, over defendant's objection, permitted Judy, an employe of the forwarding bank, to testify that he heard the cashier and the bookkeeper, when they finished counting the money, say that there was ten thousand dollars. This testimony was incompetent, but as both the cashier and bookkeeper testified upon the trial, and both testified that there was ten thousand dollars placed in the package by them, we do not think this error was sufficiently prejudicial to authorize a reversal.

3. Appellant also complains of the instructions. The court instructed the jury that if they believed from

the evidence that the package in question contained ten thousand dollars when delivered to the express company by the forwarding bank, and only nine thousand two hundred and ninety-two dollars when delivered by the express company to the receiving bank, they should find a verdict for the plaintiffs in the sum of seven hundred and eight dollars; but that if they believed from the evidence that either of the banks made a mistake in counting the money, then they should find for defendant.

We think this is substantially the law of the case.

Judgment affirmed.